IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JACQUELYN ORR and WILLIAM ORR,  )
)
)
Plaintiffs,  )
)   CASE NO. CV416-52
v.  )
)
MACY'S RETAIL HOLDINGS, INC.,  )
)
Defendant.  )
)

## O R D E R

Before the Court is Plaintiffs' Motion for Remand, (Doc. 8) and Defendant's Motion for Leave to Amend its Notice of Removal (Doc. 33). For the following reasons, Defendant's Motion to Amend (Doc. 33) is **GRANTED**. Plaintiffs' Motion to Remand (Doc. 8) is **DENIED**.

## BACKGROUND

On September 3, 2016, Plaintiffs filed a complaint for damages against Defendant. (Doc. 1, Attach. 1 at 5.) Plaintiffs, a married couple, alleged that Plaintiff Jacquelyn Orr was injured when a dressing room door fell on her while she was shopping at Defendant's establishment in Savannah, Georgia. (Id.) Plaintiff Jacquelyn Orr alleges that she suffered serious physical injuries, associated medical expenses, and other damages. (Id. at 6.) Plaintiff

William Orr claims loss of consortium as a result of his wife's injuries. (Id.)

Defendant admits it was initially unaware of the amount of damages claimed by Plaintiffs because the complaint did not allege damages with specificity. (Doc. 1 at 3.) Accordingly, discovery in this case commenced in state court. (Id.) On January 12, 2016, Defendant received Plaintiffs' responses to interrogatories, which provided additional detail on Plaintiffs' claims. (Id. at 3-4.) Plaintiffs alleged that Plaintiff Jacquelyn Orr suffered from $11,548.60 in medical special damages, along with extreme pain in her fingers, wrist, elbow, arm, shoulder, and neck. (Id. at 4.) The complaint also alleges that she experiences numbness in her face, arm, and hand; experiences difficulty seeing, speaking, or thinking; insomnia; vision trouble; and depression. (Id. at 4-5.) Plaintiff Jacquelyn Orr also claimed that she now suffers from Chronic Regional Pain Syndrome ("CRPS"). (Id.) On February 11, 2016, Defendant removed the case to federal court on the basis of these admissions. (Id. at 5-7.)

On March 7, 2016, Plaintiffs filed a Motion to Remand. (Doc. 8.) In the motion, Plaintiffs claimed this case fails to meet the amount in controversy requirement of diversity jurisdiction. (Id. at 4.) Specifically, Plaintiffs alleged

2

it was not "facially apparent from the complaint that the amount in controversy exceeds $75,000.00." (Id. at 5.) However, on May 25, 2016, Plaintiffs filed the expert report of Dr. Alan Harben. Dr. Harben made future care recommendations for Plaintiff including additional medications, laboratory testing, and spinal cord stimulation. (Doc. 33 at 3.) On May 27, 2016, Plaintiffs filed the expert report of economist L. Wayne Plumly, who opined that the present value of Plaintiff Jacquelyn Orr's future medical expenses was valued at $323,150. (Id.) The same expert opined that certain additional expenses could be valued at $447,985 and $634,725. (Id.) Based on this additional information, Defendant filed a Motion to Amend the Notice of Removal to include additional information regarding the amount in controversy. (Doc. 33.)

## ANALYSIS

In general terms, federal courts are courts of limited jurisdiction: they may only hear cases that they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). For cases first filed in state court, a defendant may remove the matter to federal court only if the original case could have been brought in federal court. 28 U.S.C. § 1441(a). Conversely, if no basis for subject matter

jurisdiction exists, a party may move to remand the case back to state court. See 28 U.S.C. § 1447(c). When a case originally filed in state court is removed by the defendant, the defendant normally has the burden of proving that federal subject matter jurisdiction exists. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between . . . citizens of different states." 28 U.S.C. § 1332. This case was removed from a state court action pursuant to 28 U.S.C. § 1332. While there is complete diversity between the parties, Plaintiffs did not plead an amount of damages in their state court complaint. Accordingly, Defendant must show "by a preponderance of the evidence" that the amount in controversy requirement is satisfied and federal jurisdiction exists. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). All doubts about federal jurisdiction should be resolved in favor of a remand to state court. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

Plaintiffs argue that Defendant may not remove this case—or amend it either—because at the time the case was

4

removed the amount in controversy was not clearly established. (Doc. 8 at 5; Doc. 14 at 3.) Generally, the rule is that the Court may evaluate only the evidence available when the motion to remand is filed. Lowery v. Ala. Power Co., 483 F.3d 1184, 1214 (11th Cir. 2007.) However, there are exceptions to this rule, including that a defendant may amend a defective notice of removal upon the receipt of additional evidence regarding the amount in controversy at the time of removal. Id. at 1214 n.66.[1] In this case, the Court will consider the additional evidence provided by Defendant including the evidence of Plaintiffs' experts. See e.g., Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 773-74 (11th Cir. 2010) (recognizing post-removal evidence as admissible). Accordingly, the Court **GRANTS** Defendant's Motion to Amend. (Doc. 33.) Based on the information contained in the motion for amendment regarding Plaintiffs' additional experts, the Court is satisfied that the amount in controversy is greater than $75,000. Because

---

[1] The Court also notes that the additional evidence indicating that the amount in controversy exceeds $75,000 was received by Defendant from Plaintiff less than a year after the suit was instituted. Accordingly, Defendant would have been able to remove the case to federal court based on that evidence alone.

diversity of citizenship has already been established, this case is properly before the Court.[2]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Amend (Doc. 33) is **GRANTED**. Plaintiffs' Motion to Remand (Doc. 8) is **DENIED**.

SO ORDERED this _19th_ day of December 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Plaintiffs are citizens and residents of Savannah, Georgia, and Defendant is a corporation organized and existing under the laws of the State of Ohio with its principal office and place of business in Cincinnati, Ohio. (Doc. 15, Attach. 1 at 1.)